Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DIRECTV, LLC; I.C. SYSTEMS, LLC; CREDENCE RESOURCE MANAGEMENT, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KARINA MARTINEZ

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of CA, County of Contra Costa
Wakefield Taylor Courthouse, 725 Court Street, Martinez, CA 94553

CASE NUMBER:
*(Número del Caso):*
C23-00065

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David McGlothlin, Mona Amini, Gustavo Ponce;
Kazerouni Law Group, APC; 245 Fischer Avenue, Suite D1, Costa Mesa, CA 92626; (800) 400-6808

DATE: 1/10/2023 2:49 PM          Clerk, by  /s/ K. Jinkerson  , Deputy
*(Fecha)*                          *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Credence Resource Management, LLC
   under: [X] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [X] by personal delivery on *(date):* 1/30/23

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

KAZEROUNI LAW GROUP, APC
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
Gustavo Ponce, Esq. (SBN: 343430)
gustavo@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Per local Rule, This case is assigned to Judge Devine, John P, for all purposes.

*Attorneys for Plaintiff,*
KARINA MARTINEZ

SUMMONS ISSUED

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF CONTRA COSTA

KARINA MARTINEZ,

    Plaintiff,

vs.

DIRECTV, LLC; I.C. SYSTEMS, LLC; CREDENCE RESOURCE MANAGEMENT, LLC

    Defendants.

Case No.: C23-00065

COMPLAINT FOR VIOLATIONS OF:

(1) THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE §§ 1785.1, ET SEQ. (CCCRAA);

(2) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ.; AND

(3) THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692, ET SEQ.

JURY TRIAL DEMANDED

///
///
///
///

- 1 -
COMPLAINT

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. (the "FDCPA") to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. The California legislature has also found that the collection of debt purchased by debt buyers has become a significant focus of public concern due to the adequacy of documentation required to be maintained by the industry in support of collection activities and litigation. In that regard, setting specific documentation and process standards will protect consumers, provide needed clarity to courts, and establish clearer criteria for debt buyers and the collection industry.

4. The California legislature has also found the banking system is dependent upon fair and accurate credit reporting. As such, California enacted the California Consumer Credit

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

Reporting Agencies Act, Cal. Civ. Code §§ 1785.1, et seq. ("CCCRAA") to ensure fairness, impartiality, and to protect consumer privacy. The CCCRAA also imposes duties on the sources, called "furnisher," that provide credit information to credit reporting agencies.

5. Plaintiff KARINA MARTINEZ ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of DIRECTV LLC ("DirecTV"), I.C. SYSTEMS, LLC, ("I.C. Systems") and CREDENCE RESOURCE MANAGEMENT, LLC ("Credence"), (collectively, the "Defendants"), with regard to Defendant DirecTV's opening of an account that was not authorized by Plaintiff, attempts by Defendants DirectTV, I.C. Systems, and Credence to unlawfully and abusively collect a debt allegedly owed by Plaintiff, with regard to Defendants I.C. Systems and Credence erroneous and inaccurate reporting of Plaintiff's credit information and Defendants I.C. Systems and Credence's failure to properly investigate Plaintiff's disputes, and this conduct caused Plaintiff damages.

6. Defendants I.C. Systems and Credence provided inaccurate credit information regarding Plaintiff, damaging Plaintiff's creditworthiness and causing Plaintiff further injury.

7. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

8. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

9. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

10. Unless otherwise indicated, the use of Defendants name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

11. All violations alleged regarding the Fair Debt Collection Practices Act are material violations as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

## JURISDICTION AND VENUE

12. Jurisdiction of this Court arises pursuant to general jurisdiction.

13. This action arises out of Defendant IC Systems and Defendant Credence's violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1, et seq. (CCCRAA), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (RFDCPA) and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. (FDCPA), as well as Defendant DirectTV's violation of the RFDCPA.

14. Because Defendants conduct business within the State of California, personal jurisdiction is established.

15. Venue is proper under state law according to California Civil Procedure § 395 because the County of Contra Costa is where the conduct giving rise to Plaintiff's injury originated from or occurred.

## PARTIES

16. Plaintiff is a natural person who resides in the County of Contra Costa, State of California, from whom all Defendants sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and California Civil Code § 1785.3(b) and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

17. Defendant DirecTV is, and at all times mentioned herein was, a limited company registered and formed under the laws of the State of California with a primary place of business and/or headquarters located in El Segundo, California and is a "creditor" as that term is defined by Cal. Civ. Code § 1788.2(i). Plaintiff further alleges, at all times relevant herein, Defendant DirecTV conducted business in the State of California and within this judicial district.

18. Defendant I.C. Systems is, and at all times mentioned herein was, a limited liability company registered and formed under the laws of Delaware with a primary place of business and/or headquarters in Arvada, Colorado.

19. Defendant I.C. Systems, in the ordinary course of business, uses any instrumentality of interstate commerce or the mails in any business the principal purpose is which is the

- 4 -
COMPLAINT

collection of any debts, or who regularly collect or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a "person" as that term is defined by Cal Civ. Code 1785.3(j). Plaintiff further alleges, at all times relevant herein, Defendant I.C. Systems conducted business in the State of California and within this judicial district.

20. Defendant Credence is, and at all times mentioned herein was, a limited liability company registered and formed under the laws of Nevada with a primary place of business and/or headquarters in Dallas, Texas.

21. Defendant Credence, in the ordinary course of business, uses any instrumentality of interstate commerce or the mails in any business the principal purpose is which is the collection of any debts, or who regularly collect or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a "person" as that term is defined by Cal Civ. Code 1785.3(j). Plaintiff further alleges, at all times relevant herein, Defendant Credence conducted business in the State of California and within this judicial district.

22. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

23. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## FACTUAL ALLEGATIONS

24. Plaintiff is an individual residing within the County of Contra Costa, in the State of California.

25. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted business in the State of California.

26. In or around June of 2022, Plaintiff received a call from Defendant DirecTV attempting to

- 5 -
COMPLAINT

collect monies on an account that Plaintiff allegedly opened with DirecTV.

27. Plaintiff disregarded the call as a scam since Plaintiff did not have, then or at any other point in time, an account with DirecTV.

28. Plaintiff has never opened up an account with DirecTV.

29. Shortly thereafter, in July of 2022, Plaintiff received a notification that she had a negative mark on her credit report and that her credit score had dropped as a result.

30. When Plaintiff reviewed her credit alerts through Chase Bank, she noticed an account that had been opened in her name with DirecTV and was now in collections with Credence ("the Account").

31. Concerned by this new and fraudulent account, Plaintiff called Experian to dispute the Account.

32. On or about July 2021 Plaintiff received a letter from Experian informing her that the Account was successfully removed from her credit report.

33. About three (3) months later, in or around November 2, 2022, Plaintiff received another credit alert from Chase Bank and noticed that the Account was once again being reported but this time it was reported as in collections with I.C. Systems.

34. In or around November 4, 2022, Plaintiff checked her Experian credit report and noticed that the Account was in fact once again being reported and this time it was reported as in collections with I.C. Systems.

35. On or around November 14, 2022, Plaintiff filed a police report and Identity Theft Affidavit with the Concord Police Department.

36. On or around November 22, 2022, Plaintiff sent a dispute to each Defendant via U.S. Mail with return receipt requested informing Defendants that the Account was fraudulent and requested that Defendants initiate an investigation.

37. In the dispute, Plaintiff included a copy of her driver's license, a copy of the Police Report and Identity Theft Affidavit evidencing her claims of fraud regarding the Account that she filed with the police department, and the Experian credit report dated November 4, 2022.

38. In the dispute Plaintiff requested that Defendants provide a response to the dispute within

- 6 -
COMPLAINT

ten (10) days of receiving the letter.

39. Defendant DirecTV received Plaintiff's dispute on or around November 26, 2022. To date, Plaintiff has not received a response to the dispute.

40. Defendant I.C. Systems received Plaintiff's dispute on or around November 28, 2022. To date, Plaintiff has not received a response to the dispute.

41. Defendant Credence received Plaintiff's dispute on or around November 29, 2022. To date, Plaintiff has not received a response to the dispute.

42. On or around December 14, 2022, Experian provided Plaintiff with a response to the dispute wherein Experian removed the Account from Plaintiff's credit report and sent Plaintiff an updated version of Plaintiff's credit report (without the Account being reported).

43. The alleged financial obligations regarding the Account were money, property, or their equivalent, which was due or owing, or alleged to be due or owing, from a natural person to another person (the "Account") and were therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d), and a "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f).

44. Defendants I.C. Systems and Credence reported, or caused to be reported, inaccurate information and derogatory information on Plaintiff's credit reports, including but not limited to the representation that the account belonged to Plaintiff and was "past due" and "in collections."

**I.C. Systems and Credence Misreported Credit Information**

45. At all times relevant, Plaintiff is a natural person residing within the State of California.

46. At all times relevant, Defendants conducted business within the State of California.

47. In July 2022, Credence inaccurately reported the DirecTV account information about the charge off, the collection status, a past due amount and balance of $591.00, on Plaintiff's credit reports. This was all inaccurate since Plaintiff never opened an account with DirecTV. Therefore, Credence's reporting of the DirecTV Account and that the Account was past due with a balance owed was inaccurate.

48. As a result of Credence's inaccurate reporting, Plaintiff's Experian credit score dropped by

- 7 -
COMPLAINT

74 points, from 823 to 747.

49. After Plaintiff disputed the Account with Experian, the Account was removed, Plaintiff's credit score increased back to the original score of 823.

50. In November 2022, including in an Experian credit report from November 4, 2022, I.C. Systems inaccurately reported the DirecTV account information about the charge off, the collection status, past due amount and balance of $591.00. Again, this was inaccurate since Plaintiff never opened an account with DirecTV. Therefore, I.C. Systems' reporting of the DirecTV Account and that the Account was past due with a balance owed was inaccurate.

51. As a result of I.C. Systems' inaccurate reporting, Plaintiff's Experian credit score once again dropped by 74 points, from 823 to 747.

52. As described above, on or around November 22, 2022, Plaintiff disputed I.C. Systems' and Credence's reporting regarding the Account by notifying Experian and Defendants, in writing, pursuant to Cal. Civ. Code § 1785.16(a) of the incorrect and inaccurate credit information furnished by I.C. Systems and Credence and reported by Experian.

53. A reasonable investigation by I.C. Systems and Credence would have indicated that Plaintiff's DirecTV account was not past due or delinquent, that no balance remained owed, and that the Account did not belong to Plaintiff.

54. I.C. Systems and Credence knew or should have known that the information regarding the DirecTV account was inaccurate.

55. Yet, despite this, I.C. Systems and Credence furnished information on the DirecTV account to Experian, in violation of Cal. Civ. Code § 1785.25(a).

56. Defendants I.C. System and Credence willfully and knowingly continued inaccurate and derogatory reporting on the Account despite Defendants' notice and knowledge of the actual errors in Defendant I.C. System and Credence's reporting of the account on Plaintiff's credit reports.

57. Through its inaccurate information provided to credit reporting agencies, Defendant violated Cal. Civ. Code § 1785.25(a) by furnishing information to a consumer credit reporting

agency that Defendant I.C. System and Credence knew, or should have known, to be incomplete or inaccurate.

58. As a result of the actions and/or inactions of Defendants I.C. System and Credence, Plaintiff has also suffered from loss of his personal time and full utility of her credit, damage to her credit history, and suffered from worry, fear, stress, anxiety, and sleeplessness.

59. Also, as a result of I.C. Systems' and Credence's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation invasion of privacy, out-of-pocket expenses in challenging I.C. Systems' and Credence's inaccurate reporting, damage to her creditworthiness, emotional distress and mental anguish as well as physical manifestations and injuries and harm.

60. By inaccurately reporting account information after notice and confirmation of their errors, I.C. Systems' and Credence failed to take the appropriate measures as required under Cal. Civ. Code § 1785.25(b), (c) and (f) in violation of the CCCRAA.

### Defendants' Unfair Debt Collection

61. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person by reason of a consumer credit transaction and are therefore a "debt" as that term is defined by California Civil Code § 1788.2(d) and 15 U.S.C. 1692a(5) and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

62. Each of the above-referenced calls and reporting, from Defendants were a "communication" as defined under 15 U.S.C. § 1692a(2) and constituted "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

63. The Account DirecTV attempted to collect on in or around June 2022 was an unauthorized and fraudulent account.

64. The Account I.C. Systems and Credence reported on Plaintiff's credit report was an unauthorized and fraudulent account.

65. Defendant DirecTV's call to Plaintiff constitutes a collection attempt, on an account that it was not allowed to report nor collect on. Through this conduct, Defendant DirecTV violated

15 U.S.C. § 1692d, 15 U.S.C. § 1692e and 15 U.S.C. § 1692f. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Consequently, Defendant has violated Cal. Civ. Code § 1788.17. Thus, a violation of Cal. Civ. Code § 1788.17 by Defendant DirecTV.

66. Through all the above-mentioned conduct, Defendant DirecTV engaged in conduct the natural consequence is which to harass, oppress, or abuse any person in violation of 15 U.S.C. § 1692d. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, a violation of Cal. Civ. Code § 1788.17 by Defendant DirecTV.

67. Defendant I.C. System's and Defendant Credence's reporting constitutes a collection attempt, on an account that it was not allowed to report nor collect on. Through this conduct, Defendant I.C. Systems and Defendant Credence violated 15 U.S.C. § 1692d, 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

68. Through all the above-mentioned conduct, Defendant I.C. Systems and Defendant Credence engaged in conduct the natural consequence is which to harass, oppress, or abuse any person in violation of 15 U.S.C. § 1692d. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant I.C. Systems and Defendant Credence have also violated Cal. Civ. Code § 1788.17.

69. The Rosenthal Act also incorporates 15 U.S.C. § 1692d, which provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

70. By transferring the Account to I.C. Systems thus allowing the persecution of the Account, DirecTV and Credence engaged in conduct the natural consequence is which to harass, oppress, or abuse any person in violation of 15 U.S.C. § 1692d.

71. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Consequently, Defendant DirecTV and Credence also violated Cal. Civ. Code § 1788.17.

72. Through the above conduct, Defendant I.C. Systems and Defendant Credence violated 15 U.S.C. § 1692e(2) by validating and reporting the Account on Plaintiff's Experian credit report thus containing a false impression of the character, amount, and legal status of the

- 10 -
COMPLAINT

Account. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant I.C. Systems and Defendant Credence have also violated Cal. Civ. Code § 1788.17.

73. Through the above conduct, Defendant I.C. Systems and Defendant Credence violated 15 U.S.C. § 1692e(8) by communicating Plaintiff's credit information which it knew was to be false. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant I.C. Systems and Defendant Credence have also violated Cal. Civ. Code § 1788.17.

74. The Rosenthal Act incorporates sections of its federal counterpart, FDCPA, through Cal. Civ. Code § 1788.17. This incorporation includes 15 U.S.C. § 1692e(c), which states as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.
> (2) The false representation of—(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> (3) The threat to take any action that cannot legally be taken or that is not intended to be taken . . .
>   i. (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed . . .

75. The purpose of I.C. Systems' and Credence's reporting was to collect on the Account disregarding that it was not permitted to do so due to the fact that the Account was a result of fraud. I.C. Systems and Credence misrepresented the debt and gave a false impression of the character, amount, and legal status of the Account. For the foregoing reasons, Defendant I.C. Systems and Credence violated § 1692e.

76. Because 15 U.S.C. § 1692e is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17, Defendant I.C. Systems and Defendant Credence have also violated Cal. Civ. Code § 1788.17 of the Rosenthal Act.

77. Through the above conduct, Defendant I.C. Systems and Defendant Credence violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt, a debt that it was not entitled due to the fact that the Account was fraudulent. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant I.C. Systems and Defendant Credence have also violated Cal. Civ. Code § 1788.17.

78. Through the above conduct, Defendant I.C. Systems and Defendant Credence violated 15 U.S.C. § 1692f(1) by validating and reporting the Account on Plaintiff's Experian credit report in an attempt to collect an amount it was not authorized to collect by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant I.C. Systems and Defendant Credence have also violated Cal. Civ. Code § 1788.17.

79. The Rosenthal Act also incorporates 15 U.S.C. § 1692f, which provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

80. By transferring the Debt to Credence to allow the collection on an invalid debt, DirecTV has engaged in conduct in violation of 15 U.S.C. § 1692f by using unfair or unconscionable means in attempt to collect an alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant DirecTV violated Cal. Civ. Code § 1788.17

81. By transferring the Debt to I.C. Systems to allow the collection on an invalid debt, Credence has engaged in conduct in violation of 15 U.S.C. § 1692f by using unfair or unconscionable means in attempt to collect an alleged debt from Plaintiff. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. As a result, Defendant Credence has violated Cal. Civ. Code § 1788.17.

82. Through all the above-mentioned conduct, Defendant DirecTV took actions against Plaintiff concerning the alleged debt in violation of the statutes discussed above. Specifically, Defendant DirecTV violated 15 U.S.C. §§ 1692d; 1692e; and 1692f, which are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; therefore, Defendant violated Cal. Civ. Code § 1788.17.

83. Through all the above-mentioned conduct, Defendant I.C. Systems and Defendant Credence took action against Plaintiff concerning the alleged debt in violation of the statutes discussed above. Specifically, Defendant I.C. Systems and Defendant Credence have violated 15 U.S.C. §§ 1692d; 1692e; and 1692f. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; therefore, Defendant has also violated Cal. Civ. Code § 1788.17.

84. As a result of Defendants' unfair, oppressive, and abusive conduct in connection with their debt collection activity, Plaintiff has suffered mental anguish by way of stress, frustration, and anxiety over the fact that Defendant attempted to collect on an account that was not opened or authorized by Plaintiff.

85. Through the above-alleged conduct, Defendants have engaged in conduct which constitutes numerous violations of the Rosenthal, Cal. Civ. Code §§ 1788, et seq.

86. As a result of Defendants' unfair, oppressive, and abusive conduct in connection with its debt collection activity, Plaintiff has suffered invasion of privacy and mental anguish by way of stress, anxiety, annoyance, fear, and feelings of despair over Defendants' persisting collection calls to Plaintiff in violation of the RFDCPA and FDCPA (for I.C. Systems and Credence only), as alleged in greater detail above.

**CAUSES OF ACTION**

**COUNT I**
**VIOLATIONS OF THE CONSUMER CREDIT REPORTING AGENCIES ACT**
**CAL. CIV. CODE §§ 1785.1, ET SEQ. (CCCRAA)**
*(AGAINST DEFENDANT I.C. SYSTEMS AND DEFENDANT CREDENCE ONLY)*

87. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

- 13 -
COMPLAINT

88. The foregoing acts and omissions by Defendant I.C. Systems and Defendant Credence constitute a violation of the California Consumer Credit Reporting Agencies Act (CCCRAA).

89. In the regular course of its business operations, Defendant I.C. Systems routinely furnishes information to credit reporting agencies pertaining to transactions between I.C. Systems and consumers, so as to provide information regarding a consumer's credit worthiness, credit history, credit standing, and credit capacity.

90. In the regular course of its business operations, Defendant Credence also routinely furnishes information to credit reporting agencies pertaining to transactions between Credence and consumers, so as to provide information regarding a consumer's credit worthiness, credit history, credit standing, and credit capacity.

91. Because I.C. Systems is a partnership, corporation, association, or other entity, it is a "person" as that term is defined under Cal. Civ. Code § 1785.3(j). I.C. Systems is and always was obligated pursuant to Cal. Civ. Code § 1785.25(a) to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows, or should have known, that the information is incomplete or inaccurate as required by Cal. Civ. Code § 1785.25(a).

92. Because Credence is also a partnership, corporation, association, or other entity, it is a "person" as that term is defined under Cal. Civ. Code § 1785.3(j). Credence is and always was obligated pursuant to Cal. Civ. Code § 1785.25(a) to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows, or should have known, that the information is incomplete or inaccurate as required by Cal. Civ. Code § 1785.25(a).

93. Since I.C. Systems and Credence received all documents required to determine the inaccuracy of the reporting, I.C Systems and Credence should have known to update said reporting.

94. I.C. Systems and Credence also should have determined that its reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

95. As a result of each and every violation of the CCCRAA, Plaintiff is entitled to any actual damages against Defendant I.C. Systems and Defendant Credence pursuant to Cal. Civ. Code § 1785.31(a)(2)(A); punitive damages of $100-$5,000 per willful violation pursuant to Cal. Civ. Code § 1785.31(a)(2)(B); equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1785.31(d).

## COUNT II
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §§ 1788, ET SEQ. (RFDCPA)
*(AGAINST ALL DEFENDANTS)*

96. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

97. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

98. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

## COUNT III
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692, ET SEQ. (FDCPA)
*(AGAINST I.C. SYSTEMS AND CREDENCE ONLY)*

99. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

100. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

101. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual

damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant I.C. Systems and Defendant Credence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

### First Cause of Action

### Violations of the CCCRAA, Cal. Civ. Code §§ 1785, *et seq.*

*(Against I.C. Systems and Credence Only)*

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against both Defendants I.C. Systems and Credence;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1785.31(a)(1) and § 1785.31(d), against both Defendants I.C. Systems and Credence;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.31(a) pursuant to Cal. Civ. Code § 1785.31(a)(2)(B) against both Defendants I.C. Systems and Credence;
- Equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b) against both Defendants I.C. Systems and Credence; and
- Any other relief the Court may deem just and proper.

### Second Cause of Action

### Violations of the RFDCPA, Cal. Civ. Code §§ 1788, *et seq.*

*(Against All Defendants)*

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against all Defendants;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against all Defendants;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against all Defendants; and

- Any and all other relief that this Court deems just and proper.

### Third Cause of Action

### Violations of the FDCPA, 15 U.S.C. §§ 1692, *et seq.*

### *(Against I.C. Systems and Credence Only)*

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against both Defendants I.C. Systems and Credence;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against both Defendants I.C. Systems and Credence;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against both Defendants I.C. Systems and Credence;
- Any and all other relief that this Court deems just and proper.

### **TRIAL BY JURY**

102.  Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Respectfully submitted,

Dated: January 10, 2023           **KAZEROUNI LAW GROUP, APC**

By: */s/ Gustavo Ponce*
David J. McGlothlin, Esq.
Mona Amini, Esq.
Gustavo Ponce, Esq.
*Attorneys for Plaintiff*